# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMIR REDA, on behalf of himself and all others so similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION F/K/A OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR4,<br><br>       Defendants. | CIVIL ACTION NO. 1:22-cv-10444 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, PHH Mortgage Corporation f/k/a/ Ocwen Loan Servicing, LLC ("PHH") and Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR4 Mortgage Pass-Through Certificates, Series 2006-FR4 ("Deutsche Bank as Trustee"), hereby remove the above-captioned action to this Court based on the following supported grounds:

### I.    PROCEDURAL BACKGROUND AND NATURE OF ACTION

1. On or about January 31, 2022, Plaintiff, Samir Reda, on behalf of himself and all others so similarly situated ("Reda"), filed a complaint in Norfolk Superior Court, naming PHH and Deutsche Bank as Trustee as defendants. This action was captioned as *Reda, Samir vs. PHH Mortgage Corporation Formerly Known As Ocwen Loan Servicing LLC et al*, Docket No.

2282CV00092. (A true and accurate copy of the Complaint in this action is attached hereto as **Exhibit A**.)

2. Service of the Complaint was completed on Deutsche Bank as Trustee on February 22, 2022.

3. Service of the Complaint was completed on PHH on February 24, 2022.

4. The Complaint arises from the Plaintiff's mortgage encumbering real property located in Quincy, Massachusetts.

5. In the Complaint, the Plaintiff alleges wrongful foreclosure and a violation of the statutory Power of Sale (Count I), and that the Defendants failed to exercise good faith and reasonable diligence in conducting a foreclosure sale of the subject property (Count II).

## II.   THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

6. The United States Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 *See* 28 U.S.C. § 1332.

7. First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a). The Plaintiff is a citizen of Massachusetts. (Compl., ¶ 14.)

8. Defendant PHH is a corporation organized under the laws of the state of New Jersey, with its principal place of business in New Jersey. Therefore, under 28 U.S.C. § 1332 (c)(1), PHH is a citizen of New Jersey for diversity purposes.

9. Defendant Deutsche Bank as Trustee is a national banking association with its main office as designated in its Articles of Association in Los Angeles, California. Therefore. Deutsche Bank as Trustee is a citizen of California for diversity purposes. *See Wachovia Bank v. Schmidt*,

546 U.S. 303, 318 (2006) (stating that a national bank is a citizen of the State designated in its articles of association as its main office).

10. Accordingly, the Plaintiff and each Defendant are citizens of different states. Therefore, complete diversity of citizenship exists and the requirements set forth in 28 U.S.C. § 1332(a)(1) are satisfied in the present case.

11. Second, the amount in controversy exceeds $75,000.00. The Civil Action Cover Sheet completed by the Plaintiff in this matter states that the Plaintiff is seeking $500,000.00 in damages. (A true and accurate copy of the Civil Action Coversheet is attached hereto as **Exhibit B**.)

12. Further, in cases where a plaintiff seeks to enjoin foreclosure, or challenge the mortgagees right to foreclose or the validity of a foreclosure, the face value of the mortgage at issue constitutes a proper basis for the amount in controversy. *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211-12 (1st Cir. 2012) (considering, among other potential tests, the loan amount as amount in controversy in cases where complaint seeks to invalidate a loan secured by a mortgage); *McLarnon v. Deutsche Bank National Trust Company*, C.A. 15-11799-FDS, 2015 WL 4207127, 2015 U.S. Dist. LEXIS 89840, at *8 (D. Mass. July 10, 2015) (holding that amount in controversy can be determined by the face value of the loan in question); *Larace v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d. 147, 151 (D. Mass. 2013) ("[I]t is reasonable to designate the amount in controversy as the value of the mortgage, since Plaintiffs' petition does not specify a damage amount and Defendants' mortgage interest would be extinguished if Plaintiffs were ultimately successful."). Here, as the Plaintiff alleges in the Complaint, the original principal amount of the mortgage at issue was $260,000.00. (*See* Compl., ¶ 22.)

1046587\310345954.v1

13. Based on the foregoing, this Court has jurisdiction over this action based on diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III. THE DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

14. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since the Defendants were served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

15. Additionally, venue properly lies in the District of Massachusetts because the Plaintiff's claims arise out of a mortgage encumbering property located in Quincy, Massachusetts, and the Plaintiff commenced this action initially in the Massachusetts Superior Court (Norfolk County).

16. Within 28 days of filing this Notice of Removal, the Defendants shall file with this Court certified copies of the docket sheet and all documents filed in the state court action, pursuant to L.R. 81.1(a).

17. The Defendants reserve the right to amend or supplement this Notice of Removal and reserve all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, this action should be removed to the United States District Court for the District of Massachusetts.

1046587\310345954.v1

                        PHH MORTGAGE CORPORATION F/K/A OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR4
By: Their Attorneys

*/s/ Kevin W. Manganaro*
Maura K. McKelvey, BBO #600760
Kevin W. Manganaro, BBO #690082
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
mmckelvey@hinshawlaw.com
kmanganaro@hinshawlaw.com

Dated: March 24, 2022

## **CERTIFICATE OF SERVICE**

    I, Kevin W. Manganaro, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kevin W. Manganaro*
Kevin W. Manganaro