NORFOLK COUNTY
Docket Report

## 2282CV00092 Reda, Samir vs. PHH Mortgage Corporation Formerly Known As Ocwen Loan Servicing LLC et al

| | |
|---|---|
| **CASE TYPE:** Real Property | **FILE DATE:** 01/31/2022 |
| **ACTION CODE:** C99 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Other Real Property Action | |
| **CASE DISPOSITION DATE:** | **CASE STATUS :** Open |
| **CASE DISPOSITION:** Pending | **STATUS DATE :** 01/31/2022 |
| **CASE JUDGE:** | **CASE SESSION:** Civil B |

### DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 05/02/2022 | |
| Rule 15 Served By | 05/31/2022 | |
| Rule 12/19/20 Served By | 05/31/2022 | |
| Answer | 05/31/2022 | |
| Rule 12/19/20 Filed By | 06/30/2022 | |
| Rule 15 Filed By | 06/30/2022 | |
| Rule 12/19/20 Heard By | 08/01/2022 | |
| Rule 15 Heard By | 08/01/2022 | |
| Discovery | 11/28/2022 | |
| Rule 56 Served By | 12/27/2022 | |
| Rule 56 Filed By | 01/26/2023 | |
| Final Pre-Trial Conference | 05/26/2023 | |
| Judgment | 01/31/2024 | |

### PARTIES

**Plaintiff**
Reda, Samir
568 Sea Street
Quincy, MA 02169

**Attorney**                                         659109
Todd Dion
Law Offices of Todd S. Dion Esq.
Law Offices of Todd S. Dion Esq.
15 Cottage Ave Ste 202
Quincy, MA 02169
Work Phone (401) 965-4131
Added Date: 01/31/2022

| Defendant | Private Counsel | 600760 |
|---|---|---|
| Deutsche Bank National Trust Company, as trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-Fr4 Mortgage Pass-Through Certificates, Series 2006-FR4 | Maura K McKelvey<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St 27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7000<br>Added Date: 03/09/2022 | |
| | **Attorney** | 690082 |
| | Kevin Manganaro<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St<br>27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7010<br>Added Date: 03/24/2022 | |
| **Defendant** | **Private Counsel** | 600760 |
| PHH Mortgage Corporation Formerly Known As Ocwen Loan Servicing LLC | Maura K McKelvey<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St 27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7000<br>Added Date: 03/09/2022 | |
| | **Attorney** | 690082 |
| | Kevin Manganaro<br>Hinshaw and Culbertson LLP<br>Hinshaw and Culbertson LLP<br>53 State St<br>27th Floor<br>Boston, MA 02109<br>Work Phone (617) 213-7010<br>Added Date: 03/24/2022 | |

 

COMMONWEALTH OF MASSACHUSETTS
NORFOLK COUNTY
Docket Report

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| **Date** | **Fees/Fines/Costs/Charge** | **Assessed** | **Paid** | **Dismissed** | **Balance** |
| 01/31/2022 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 23842 Date: 01/31/2022 | 15.00 | 15.00 | 0.00 | 0.00 |
| 01/31/2022 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 23842 Date: 01/31/2022 | 20.00 | 20.00 | 0.00 | 0.00 |
| 01/31/2022 | Civil Filing Fee (per Plaintiff) Receipt: 23842 Date: 01/31/2022 | 240.00 | 240.00 | 0.00 | 0.00 |
| 02/03/2022 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 23886 Date: 02/07/2022 | 10.00 | 10.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |

COMMONWEALTH OF MASSACHUSETTS
NORFOLK COUNTY
Docket Report

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 01/31/2022 | 1 | Complaint electronically filed. | |
| 01/31/2022 | 2 | Civil action cover sheet filed. | |
| 01/31/2022 | | Case assigned to: DCM Track F - Fast Track was added on 01/31/2022 | |
| 01/31/2022 | | EDocument sent: A Tracking Order was generated and sent to: Plaintiff, Attorney: Todd Dion, Esq. toddsdion@msn.com | |
| 02/16/2022 | | One Trial case reviewed by Clerk, case to remain in the Superior Court. Judge: Hickey, Mary K | Hickey |
| 03/09/2022 | 3 | Party(s) file Stipulation for extension of time to respond to complaint. (E-FILE received 3/9/2022) Applies To: Reda, Samir (Plaintiff); PHH Mortgage Corporation Formerly Known As Ocwen Loan Servicing LLC (Defendant); Deutsche Bank National Trust Company, as trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-Fr4 Mortgage Pass-Through Certificates, Series 2006-FR4 (Defendant) | |
| 03/09/2022 | | Attorney appearance On this date Maura K McKelvey, Esq. added as Private Counsel for Defendant PHH Mortgage Corporation Formerly Known As Ocwen Loan Servicing LLC | |
| 03/09/2022 | | Attorney appearance On this date Maura K McKelvey, Esq. added as Private Counsel for Defendant Deutsche Bank National Trust Company, as trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-Fr4 Mortgage Pass-Through Certificates, Series 2006-FR4 | |
| 03/24/2022 | | Attorney appearance On this date Kevin Manganaro, Esq. added for Defendant PHH Mortgage Corporation Formerly Known As Ocwen Loan Servicing LLC | |
| 03/24/2022 | | Attorney appearance On this date Kevin Manganaro, Esq. added for Defendant Deutsche Bank National Trust Company, as trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-Fr4 Mortgage Pass-Through Certificates, Series 2006-FR4 | |

| | | |
|---|---|---|
| 03/24/2022 | 4 | Notice of Removal to the United States District Court filed by |

Applies To : Manganaro, Esq., Kevin (Attorney) on behalf of Deutsche Bank National Trust Company, as trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-Fr4 Mortgage Pass-Through Certificates, Series 2006-FR4, PHH Mortgage Corporation Formerly Known As Ocwen Loan Servicing LLC (Defendant)

docket # 22cv10444

I ATTEST THAT THIS DOCUMENT
IS A CERTIFIED PHOTOCOPY OF
AN ORIGINAL ON FILE

Assistant Clerk     3/24/2022

RECEIVED    1/31/2022

1.0

## COMMONWEALTH OF MASSACHUSETTS
### SUPERIOR COURT DEPARTMENT

**NORFOLK, ss**

| | |
|---|---|
| SAMIR REDA On behalf of himself and all others so similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>PHH MORTGAGE CORPORATION FKA OCWEN LOAN SERVICING LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR4<br><br>*Defendants.* | C.A. NO.    2282cv0092<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.  The Representative Plaintiff, Samir Reda, on behalf of himself and all others so similarly situated, brings this action as described in the paragraphs set forth herein, bring this action for wrongful foreclosures as described in the paragraphs set forth herein. This class action complaint alleges that Defendants, PHH Mortgage Corporation fka Ocwen Loan Servicing LLC("PHH Mortgage") and/or Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR4 Mortgage Pass-Through Certificates, Series 2006-FR4("Deutsche Bank"), failed to strictly comply with the Acceleration/Default Notice terms of those certain mortgages noted herein, and breached of the terms of those certain mortgages noted herein, given by Class Plaintiffs

as secured by their real properties and in the case of the representative Plaintiff, secured by real property located at 568 Sea Street, Quincy, MA as well as the real properties of those Plaintiffs in the class.  Strict compliance with the Acceleration/Default Notice terms of said mortgages are condition precedents to the Statutory Power of Sales found in the Plaintiffs' mortgages and the Defendants' failure to strictly comply with these terms of the Plaintiffs' mortgages resulted in foreclosure sales that were not authorized by M.G.L. c. 183 § 21, resulting in injuries and damages to the Plaintiffs for the fair market values of their properties as well as the loss of property, use and occupancy values, moving costs, rents, costs and expenses to live elsewhere as a result of the Defendants' unauthorized foreclosures.  (See Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 289-290 (1st Cir. 2013).

2.     The Defendants failed to strictly comply with the mortgage contracts resulting in unauthorized foreclosures in violation of M.G.L. c. 183 § 21 by sending purported default notices that failed to strictly comply with Paragraph 22 of the mortgage contracts.  (See Pinti v. Emigrant Mortgage Company, Inc., 472 Mass. 226, 235 (2015).  Representative Plaintiffs, on behalf of themselves and all those similarly situated, allege that all default/right to cure notices described in this Class Action Complaint that were sent by Defendant SPS on behalf on mortgagees presently known and unknown are invalid and resulted in invalid and void foreclosures for violating M.G.L. c. 183 § 21. Defendants' failure to strictly comply with Paragraph 22 of the mortgages resulted in damages to the Plaintiffs caused by the invalid and unauthorized foreclosures.

3.     The Representative Plaintiffs, on behalf of themselves and all others so similarly situated, pray that this Honorable Court find that the Defendants failed to strictly comply with the condition precedents of Paragraph 22 of the Plaintiffs' Mortgages, resulting in damages caused by the wrongful and unauthorized foreclosures in violation of M.G.L. c. 183 § 21.  Class Plaintiffs seek

actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, caused by the Defendants' wrongful foreclosures, and all other relief provided by law for Defendants' wrongful acts.

4.      Additionally, Representative Plaintiffs, on behalf of themselves and all others so similarly situated, bring claims for violation of the Defendants' duties of good faith and reasonable diligence for selling the properties at foreclosure auctions without making reasonable efforts to ascertain the fair market values of the properties prior to foreclosure. Such violations of the Defendants' duties of good faith and reasonable diligence caused the Class Plaintiffs damages for losses of equity and fair proceeds for the sales of their properties because the properties sold at significantly lower fractions of the tax assessed and fair market values of the properties.

## JURISDICTION AND VENUE

5.      This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff resides at said subject property.

6.      Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

7.      Pursuant to Mass. R. Civ. P. Rule 23(a)(1), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable.

8.      Pursuant to Mass. R. Civ. P. Rule 23(b)(1), there are questions of law and fact common to the class.

9.      Pursuant to Mass. R. Civ. P. Rule 23(a)(3), the claims or defenses of the Representative Plaintiff are typical of the claims or defenses of the class.

10.     Pursuant to Mass. R. Civ. P. Rule 23(a)(4), the Representative Plaintiff will fairly and adequately protect the interests of the class.

11.     Pursuant to Mass. R. Civ. P. Rule 23(b), prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications and may substantially impair or impede their ability to protect their interests.

12.     Pursuant to Mass. R. Civ. P. Rule 23(b), the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

13.     Pursuant to Mass. R. Civ. P. Rule 23(b), the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

**PARTIES**

14.     Representative Plaintiff Samir Reda is a citizen of Massachusetts and the owner of the subject property located at 568 Sea Street, Quincy, MA 02169.

15.     Defendant, PHH Mortgage Corporation (fka Ocwen Loan Servicing LLC), is a residential mortgage servicing company, located at 1 Mortgage Way, Mount Laurel, NJ 08054.  Class Plaintiffs hereby challenge the validity all erroneous and potentially deceptive and misleading default/ right to cure notices sent by PHH Mortgage as described in this Complaint and all resulting foreclosures initiated and conducted subsequent to such notices

4

16.    Defendant, Deutsche Bank National Trust Company, as trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR4 Mortgage Pass-Through Certificates, Series 2006-FR4 ("Deutsche Bank"), is a purported trustee of a securitized mortgage-backed trust.  Deutsche Bank is located at 1761 East St. Andrews Place, 2nd Floor, Santa Ana 92705.

17.    At all times herein mentioned, Defendants, PHH Mortgage and Deutsche Bank both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

18.    Defendants, PHH Mortgage and Deutsche Bank had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

## ALLEGATIONS OF THE REPRESENTATIVE PLAINTIFF

19.    Representative Plaintiff, Samir Reda, resides at and claims to be the owner of real property located 568 Sea Street, Quincy, MA, which is the subject property as referenced herein.

20.    Representative Plaintiff Reda brings this action on behalf of himself and all others so similarly situated.

21.    On September 30, 2005, the subject property was granted to Representative Plaintiff Reda. The Deed evidencing transfer of the ownership of the subject property was recorded in the Norfolk Registry of Deeds in Book 22959 at Page 527 on September 30, 2005.

22.    On May 16, 2006, Representative Plaintiff Reda granted a Mortgage, secured by the subject property, in the amount of $260,000.00, which was recorded in the Norfolk Registry of Deeds in Book 23699 at Page 205 on May 24, 2006. (the Reda Mortgage) The Mortgage identified Fremont

Investment and Loan as the Lender and Mortgage Electronic Registration Systems ("MERS") as

mortgagee.

23.    The Reda Mortgage states at paragraph 22 as follows;

> "22. Acceleration; Remedies. Lender shall give notice to Borrower prior to
> acceleration following Borrower's breach of any covenant or agreement in this
> Security Instrument...The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the notice
> is given to Borrower, by which the default must be cured; and (d) that failure to
> cure the default on or before the date specified in the notice may result in
> acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its option may
> require immediate payment in full of all sums secured by this Security Instrument
> without further demand and may invoke the STATUTORY POWER OF SALE and
> any other remedies permitted by Applicable Law. Lender shall be entitled to collect
> all expenses incurred in pursuing the remedies provided in this Section 22,
> including, but not limited to, reasonable attorneys' fees and costs of title evidence.

> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy
> of a notice of sale to Borrower as provided in Section 15. Lender shall publish the
> notice of sale, and the Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale. The proceeds
> of the sale shall be applied in the following order: (a) to all expenses of the sale,
> including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by
> this Security Instrument; and (c) any excess to the person or persons legally entitled
> to it."

24.    Paragraph 22 of the Reda Mortgage required that prior to acceleration and foreclosure the

Defendants were required to send Representative Plaintiff Reda a Default Notice which informed

Representative Plaintiff Reda that he had a "right to reinstate after acceleration".  The "right to

reinstate after acceleration" contained in the Reda Mortgage is described in Paragraph 19 of the

Mortgage as follows:

> "19. Borrower's Right to Reinstate After Acceleration.  If Borrower meets certain
> conditions, Borrower shall have the right to have enforcement of this Security
> Instrument discontinued at any time *prior to the earliest of: (a) five days before* the
> sale of the Property pursuant to any power of sale contained in this Security

Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

      (emphasis added)

25.    On October 8, 2010, MERS assigned the Reda Mortgage to Defendant, Deutsche Bank as

Trustee.  Said assignment was recorded in the Norfolk Registry of Deeds in Book 28157 at Page

569 on October 19, 2010.

26.    On or about August 24, 2018 Defendant, PHH Mortgage fka Ocwen, allegedly sent to

Representative Plaintiff Reda a form default/ right to cure letter which stated "after 11/29/2018"

(the right to cure date/ acceleration date), "you can still avoid foreclosure by paying the total past

due amount before a foreclosure sale takes place . . . to avoid foreclosure".  This language

effectively extended the Plaintiffs' right to reinstate after acceleration to "anytime" before the

foreclosure.  See Thompson v. JP Morgan Chase Bank, NA., __ Mass. __ (2020).

27.    Contrary to the Representative Plaintiff's unequivocal right to reinstate that was extended

to "anytime" before the foreclosure, the default/right to cure notice states on page 3 that "If your

payment is not accepted or your payment is for less than the total amount due (which we may

accept without waiving any of our rights), this matter will not be resolved". Since the "total amount due" when the mortgage is accelerated is the accelerated amount, this language is contrary to, waters down and infringes upon the Plaintiffs unequivocal right to reinstate the mortgage by paying less the accelerated amount "anytime" before the foreclosure.

28.     The above statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place". See Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592 (Mass. 2017). Such ambiguous and unnecessary language gives the Defendants the power to delay acceptance of or reject the Plaintiffs tender of payment pursuant to their unequivocal right to reinstate under Paragraphs 19 and 22 of the Mortgage. Such language further serves to allow the Defendants to reject payment or continue to proceed enforcing their rights of acceleration and foreclosure if the Plaintiffs tender payment that is less than the whole accelerated balance in breach of the Plaintiffs unequivocal right to reinstate and to "avoid foreclosure by paying the total past due".

29.     Representative Plaintiff alleges that the purported Default/ Right to Cure Letters sent by PHH Mortgage failed to fully and "properly" describe the Plaintiffs' "right to reinstate after acceleration" as required by and detailed in Paragraphs 19 and 22 of the Mortgages. Furthermore, the form notices statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved" is additional and unnecessary language in the notice that is not in strict compliance with the Class Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying

the total past due amount before a foreclosure sale takes place". Therefore, the Defendants' notice is in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. ch. 244 §21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

30.     Representative Plaintiff alleges that the notices sent purporting to state compliance with paragraph 22 of the Reda Mortgage and the notices sent to the Class Plaintiffs failed to contain the required information as described in said paragraph 22 of the Class Plaintiffs' mortgages, contained a statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved" which is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

31.     As such, the Defendants failed to provide the Representative Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

32.     In addition to the Defendants' failure to strictly comply with Paragraph 22 of the Mortgage Defendants failed to send and the Plaintiffs failed to receive a Notice of Acceleration pursuant to the terms of the Note which is a condition precedent to foreclosure.

33.     As such, the Defendants failed to provide the Representative Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to

9

first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

34.    On February 26, 2020 the Defendants sent Representative Plaintiff a Notice of Intention to Foreclose without first strictly complying with Paragraph 22 of the Mortgage as described above. Defendants intend to conduct a void foreclosure sale on March 12, 2020.

35.    Representative Plaintiff alleges that the notice sent purporting to state compliance with paragraph 22 of the Reda Mortgage failed to contain the required information as described in said paragraph 22, contained a misleading, inaccurate and potentially deceptive statement.

36.    As such, the Defendants failed to provide the Representative Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

37.    On March 12, 2020 the Defendants conducted a void foreclosure auction of the Plaintiff's property.

38.    On April 29, 2020, the Defendants recorded a void foreclosure deed dated April 16, 2020 in Book 37820 at Page 450 of the Norfolk Registry of Deeds purporting to grant the property to Deutsche Bank.  The foreclosure deed is void.

39.    PHH and Deutsche Bank accomplished the above-mentioned deceptive acts by selling Mr. Reda's Property to themselves at auction on March 12, 2020, for significantly less than the fair market value ($266,716.27), a mere 2 days after Governor Charlie Baker issued a State of Emergency Order on March 10, 2020 due to the Covid 19 pandemic that has resulted in the death of over 11 thousand Massachusetts residents since that time.

40.     Mr. Reda avers that the act of conducting a foreclosure auction on his home 2 days after

Governor Baker declared a State of Emergency in Massachusetts and 1 day after the World Health

Organization characterized the COVID-19 outbreak as a pandemic, was intentionally conducted

and with knowledge that the general public's fear of the pandemic and uncertainty regarding the

safety of human interaction would discourage bidders from attending the auction and obtain a fair

price for the property.

41.     PHH and Deutsche Bank then in turn waited until after the State of Emergency was

terminated on June 15, 2021 and realized an ill-gained profit of $114,783.73 when they sold the

property to a company called "Flips Unlimited LLC" for $381,500.00 on July 27, 2021.   The

Quitclaim Deed to Flips Unlimited LL was recorded in the Norfolk County Registry of Deeds

Book 39793 at page 388 on August 30, 2021.   This sale constituted a violation of PHH and

Deutsche Bank's duty to Mr. Reda to act in good faith and with reasonable diligence to obtain the

highest possible price for the property.

42.     On March 12, 2020, according to the Foreclosure Deed and sworn affidavit recorded with

the Foreclosure Deed at the Norfolk County Registry of Deeds Book 37820 at Page 450, PHH and

Deutsche Bank sold the Property to itself, Deutsche Bank, for $266,716.27 despite a 2020 tax

assessment of $308,400.00 and a 2021 tax assessment of $334,900.00.

43.     16 months after a State of Emergency was declared and 2 months after said State of

Emergency was terminated PHH and Deutsche Bank finalized a sale of the property to a self-

proclaimed property "flipper" called "Flips Unlimited LLC" at a price of $381,500.00 at a profit

of $114,783.73.  Mr. Reda avers that the profit amount of $114,783.73 represents the amount he

would have been entitled to if PHH and Deutsche Bank has waited until after the State of

Emergency was terminated to foreclose on his property

44.     Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Reda Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with paragraph 22 of the mortgages.

45.     As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale unauthorized, illegal and resulting in damages to the Reda Plaintiff.  (See Pinti v. Emigrant Mortgage Company, Inc., 473 Mass. 226, 239 *4 (2015) ["The defendants' assertion that the plaintiffs in this case were not prejudiced by any failure to comply with the provisions of paragraph 22 misses the point.  Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor. See Foster, Hall & Adams Co., 213 Mass. At 323  ("The fact, if it was a fact, that the written notice which by the terms of the power of sale had to be given, would not have served any useful purpose is not an answer to the objection that the power of sale was not duly complied with"). Cf. Ibanez, 458 Mass. At 655 (Cordy, J., concurring) (lack of "actual unfairness" to mortgagors resulting from foreclosing banks' failure to establish status as assignee of mortgages "is not the point," because "foreclosure is a powerful act with significant consequences, and Massachusetts law has always required that it proceed strictly in accord with the statutes that govern it")]

46.     Prior to the foreclosure, Defendants failed to ascertain the fair market value of the property and failed to take any consideration of the tax assessed and fair market value of the Reda property in opening the bids at the foreclosure sale and advertising the sale beyond the mere statutory publication requirements.

47.     If Defendants adhered to their duty of good faith and reasonable diligence in ascertaining the fair market value of the property prior to the foreclosure sale and taking such value into account during the foreclosure sale the property would have sold at a higher price that more closely reflected the fair market value of the property.  As a consequence of Defendants failure to adhere to their duty of good faith and reasonable diligence the Reda Plaintiff suffered damages and was injured in the amount of the difference between the fair market value of the property and the price sold at the foreclosure sale.

<div align="center">

**CLASS ALLEGATIONS**

</div>

48.     The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

49.     The Representative Plaintiff brings this Action on behalf of himself and all others so similarly situated.

50.     The Representative Plaintiff sues on behalf of himself and all homeowners or former homeowners who were sent default/ right to cure letters by PHH Mortgage which state that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved".  This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, overshadow, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

51.     The Representative Plaintiff, on behalf of themselves and all others so similarly situated, pray that this Honorable Court find that the Defendants failed to strictly comply with Paragraph 22 of the subject mortgages as condition precedents of the mortgages and further find said default

notices and the subsequent foreclosures resulted in unauthorized and illegal foreclosures that damaged the Class Plaintiffs.  (See Pinti v. Emigrant Mortgage Company, Inc., 473 Mass. 226, 239 *4 (2015) ["The defendants' assertion that the plaintiffs in this case were not prejudiced by any failure to comply with the provisions of paragraph 22 misses the point.  Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor. See Foster, Hall & Adams Co., 213 Mass. At 323  )"The fact, if it was a fact, that the written notice which by the terms of the power of sale had to be given, would not have served any useful purpose is not an answer to the objection that the power of sale was not duly complied with"). Cf. Ibanez, 458 Mass. At 655 (Cordy, J., concurring) (lack of "actual unfairness" to mortgagors resulting from foreclosing banks' failure to establish status as assignee of mortgages "is not the point," because "foreclosure is a powerful act with significant consequences, and Massachusetts law has always required that it proceed strictly in accord with the statutes that govern it")]

52.    The unauthorized and wrongful foreclosure sales and deeds resulted in damages to the Class Plaintiff for the value of the loss of her property, the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

53.    Class Plaintiffs also bring claims for violation of the Defendants' duties of good faith and reasonable diligence for selling the properties at foreclosure auctions without making reasonable efforts to ascertain the fair market values of the properties prior to foreclosure.  Such violations of the Defendants' duties of good faith and reasonable diligence caused the Class Plaintiffs damages for losses of equity and fair proceeds for the sales of their properties because the properties sold at significantly lower fractions of the tax assessed and fair market values of the properties.

54.    Class Plaintiffs seek actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

55.    The Representative Plaintiffs and members of the class suffered quantifiable damages such as loss of use and equity in their homes, legal defense of foreclosure and eviction, and moving and relocation expenses.

56.    The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interests, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

57.    The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

58.    On October 18, 2021, Plaintiffs, through their counsel, sent Defendants a Notice of Grievance in accordance with Paragraph 20 of the mortgages.  As of the date of this Complaint none of the Defendants have contacted Plaintiffs' counsel or attempted to correct the errors outlined in this Complaint

<u>COUNT I</u>

**WRONGFUL FORECLOSURE AND VIOLATION OF MORTGAGE POWER OF SALE**

59.    Representative Plaintiff, on behalf of himself and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

60.    Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with. The statute states:

Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:

(POWER)

But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale**, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.

(Emphasis added).

61.     As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage..." G.L. c. 183, § 21.

62.     If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is unauthorized as a condition precedent to the Massachusetts Statutory Power of Sale.

63.     The mortgages given by Class Plaintiffs, secured by the subject properties state at 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument

16

without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

64.    Paragraph 22 of the Mortgages require that prior to acceleration and foreclosure the

Defendant is required to send the Borrowers a Default Notice which informs the Borrowers that

they have a "right to reinstate after acceleration". The "right to reinstate after acceleration"

contained in the Mortgage are described in Paragraph 19 of the Mortgages as follows;

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured

hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

65.     Representative Plaintiff, on behalf of himself and all others so similarly situated, allege that the notices sent purporting to state strict compliance with paragraph 22 of the Mortgages contained an inaccurate and potentially misleading statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved". This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, overshadow, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

66.     As such, there was no compliance with the terms of the mortgage which would have allowed the Defendants to exercise the statutory power of sale as indicated above.

67.     No proper Notices of Default were sent by PHH Mortgage to Class Plaintiffs in accordance with the terms of the mortgage.

68.     As a result, no acceleration letter could be sent to Class Plaintiffs, nor could the mortgagee exercise the statutory power of sale on said mortgages in the Class.

69.     Pursuant to the terms of the Mortgages, compliance with the obligations of the Lender as set forth in paragraphs 19 & 22 of the Mortgages are condition precedents to the accelerations and the exercise of the statutory power of sale.

70.     Class Plaintiffs thus never received an acceleration notice or Notice of Default pursuant to the terms of the Mortgages.

71.     Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Mortgages and sell the subject properties at mortgagee's foreclosure sale.  These actions constituted a breach of the terms of the mortgage contract in accordance with c. 183, § 21, resulting in damages to the Class Plaintiff. As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale unauthorized, illegal and resulting in damages to the Class Plaintiffs.  (See Pinti v. Emigrant Mortgage Company, Inc., 473 Mass. 226, 239 *4 (2015) ["The defendants' assertion that the plaintiffs in this case were not prejudiced by any failure to comply with the provisions of paragraph 22 misses the point.  Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor. See Foster, Hall & Adams Co., 213 Mass. At 323  ("The fact, if it was a fact, that the written notice which by the terms of the power of sale had to be given, would not have served any useful purpose is not an answer to the objection that the power of sale was not duly complied with"). Cf. Ibanez, 458 Mass. At 655 (Cordy, J., concurring) (lack of "actual unfairness" to mortgagors resulting from foreclosing banks' failure to establish status as assignee of mortgages "is not the point," because "foreclosure is a powerful act with significant consequences, and Massachusetts law has always required that it proceed strictly in accord with the statutes that govern it")].

The unauthorized and wrongful foreclosure sales and deeds resulted in and the Class Plaintiffs are entitled to damages to the Class Plaintiffs for the value of the loss of her property, the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.  See

Galiastro v. Mortgage Electronic Registration Systems, Inc., 467 Mass. 160, 164 (2014); Butler v.

Deutsche Bank Trust Co, et. al., 1:12-cv-10337-DPW (D.Mass. August 14, 2012)

72.     The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful

foreclosure, together with additional damages.

73.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages,

restitution, an accounting, attorneys' fees and costs, and all other relief as provided by state law.

74.     The Defendants' failure to strictly comply with the terms of the mortgage is in violation of

G. L. c. 183, § 21 resulting in damages for the fair market values of their properties. U.S. Bank

Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, §

21, must be strictly adhered to"); Pinti v. Emigrant Mortgage Company, Inc., 473 Mass. 226, 239

*4 (2015) (failure to strictly comply with paragraph 22 renders foreclosure unauthorized and

invalid under G.L. c. 183, § 21);  See also Alpino v. JP Morgan Chase Bank, N.A., 1:10-12040-

PBS, 2011 WL 1564114, at *7 (D. Mass. April 21, 2011); Rogers v. Barnes, 47 N.E. 289, 290

(Mass. 1935) (wrongful foreclosure action may be brought for damages for value of property in

lieu of rescission).

75.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages,

restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided

by state law.

76.     As a result of the above noted improper and invalid exercises of the statutory power of sale

and purported foreclosure sales, Class Plaintiffs mortgage loan accounts were charged fees and

costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other

charges which were reflected in their monthly mortgage statements.

77.    The Class Plaintiffs have incurred damages in hiring attorneys, in regard to the improper actions of Defendants in sending Notices of Foreclosure Sale and conducting sales without first complying with the terms of the mortgages in violation of G. L. c. 183, § 21.

78.    Class Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosure of their home without Defendants first complying with the terms of the mortgages.

79.    The Class Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendants' violation of G. L. c. 183, § 21 due to the breaches of contract by Defendants as noted herein.

80.    Class Plaintiffs have suffered harm and are threatened with additional harm from Defendants' breach, including but not limited to losses of their property interest, higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

81.    The Defendants' breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Class Plaintiff' failure to make their mortgage payments.

82.    Therefore, Class Plaintiffs would not have suffered the harms as noted herein were it not for the Defendants' breach of the mortgage contract as noted herein.

83.    The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
## GOOD FAITH AND REASONABLE DILIGENCE

84.     The preceding allegations are incorporated by reference.

85.     The Defendants' conducted foreclosure auctions on the Class Plaintiffs' properties in which the Defendants sold the properties at fractions of their tax assessed and fair market values in violation of the Defendants' duty of good faith and reasonable diligence that the Defendants owed to the Class Plaintiffs.  See Property Acquisition Group, LLC v. Ivester, 95 Mass. App. Ct. 170 (2019)

86.     A mortgagee "must act in good faith and must use reasonable diligence to protect the interests of the mortgagor." Williams v. Resolution GGF OY, 417 Mass. 377, 382-83 (1994) (internal quotations omitted).  This includes "a duty to obtain for the property as large a price as possible." Id.  The fact of the inadequacy of the sale price may be considered along with any other evidence to support a finding of a lack of reasonable diligence.  Union Mkt. Nat. Bank of Watertown v. Derderian, 318 Mass. 578, 582 (1945).

87.     In foreclosing on Class Plaintiffs properties, Defendants violated their duties of good faith and reasonable diligence by selling the properties for fractions less than the fair market values of the properties at the times of the foreclosure sales.  The Defendants violated these duties to the Class Plaintiffs by making no efforts to ascertain the properties fair market values prior to the auctions and took no actions to advertise, communicate or promote fair market value sales of the properties beyond the foreclosure statutes.

88.     Class Plaintiff were damaged in that the Defendants failure to adhere to their duty of good faith and reasonable diligence caused the Class Plaintiffs injuries for lost title to their residential properties, lost significant equity in their properties as well as loss of fair proceeds for said sales.

22

89.    Class Plaintiffs are entitled to and respectfully ask this Court for damages in the amount of the differences between the low foreclosure sales prices of their properties and the fair market values of their properties or what the properties would have brought at auction had the Defendants met their duties of good faith and reasonable diligence.  See Property Acquisition Group, LLC v. Ivester, 95 Mass. App. Ct. 170 (2019).

Dated: January 31, 2022

> Respectfully Submitted, Plaintiff,
> By their Attorney,
> Todd S. Dion, Esq.
> /s/ Todd S. Dion
> Todd S. Dion, Esq. (659109)
> 15 Cottage Avenue, Ste 202
> Quincy, MA 02169
> 401-965-4131 Cell
> 401-270-2202 Fax
> toddsdion@msn.com

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Deputy Assistant Clerk    3/24/2022

23

2.0

RECEIVED 1/31/2022

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2282cv0092 | Trial Court of Massachusetts The Superior Court |
|---|---|---|



| | COUNTY | Norfolk Superior Court (Dedham) |
|---|---|---|

| Plaintiff | Samir Reda | Defendant: | PHH Mortgage Corporation; Deutsche Bank Nat'l Tr. Co. |
|---|---|---|---|
| ADDRESS: | 568 Sea Street, Quincy, MA 02169 | ADDRESS: | 1 Mortgage Way, Mount Laurel, NJ 08054 |
| | | | 1761 East St. Andrews PL, 2nd Fl., Santa Ana 92705 |
| | | | |
| Plaintiff Attorney: | Todd S. Dion, Esq | Defendant Attorney: | |
| ADDRESS: | 15 Cottage Avenue, Ste. 202, Quincy, MA 02169 | ADDRESS: | 15 Cottage Avenue |
| | | | Ste 202 |
| | | | |
| BBO: | 659109 | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| C99 | Wrongful Foreclosure | | ☒ YES    ☐ NO |

*If "Other" please describe: _____

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES    ☐ NO | ☐ YES    ☐ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses _____

    2. Total doctor expenses _____

    3. Total chiropractic expenses _____

    4. Total physical therapy expenses _____

    5. Total other expenses (describe below) _____

    [_____]

              Subtotal (1-5):  **$0.00**

B. Documented lost wages and compensation to date _____

C. Documented property damages to date _____

D. Reasonably anticipated future medical and hospital expenses _____

E. Reasonably anticipated lost wages _____

F. Other documented items of damages (describe below) _____

[_____]

I ATTEST THAT THIS DOCUMENT IS A CERTIFIED PHOTOCOPY OF AN ORIGINAL ON FILE.

*Deputy Assistant Clerk* 3/24/2022

              TOTAL (A-F):  **$0.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

[_____]

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Wrongful foreclosure, strict compliance with default notice, breach of duty of good faith and reasonable diligence | $500,000.00 |
| | Total | **$500,000.00** |

| Signature of Attorney/Unrepresented Plaintiff: X  /s/ Todd S Dion | Date: | January 31, 2022 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

[_____]

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X  /s/ Todd S Dion | Date: | January 31, 2022 |
|---|---|---|

RECEIVED 3/9/2022                                                   3.0

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS:                                    SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT
                                                CIVIL ACTION NO. 2282CV00092

| |
|---|
| SAMIR REDA on behalf of himself and all others so similarly situated, |
|         Plaintiff, |
| v. |
| PHH MORTGAGE CORPORATION F/K/A OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR4, |
|         Defendants. |

## **STIPULATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

The Parties stipulate and agree that the Defendants, PHH Mortgage Corporation f/k/a Ocwen Loan Servicing, LLC and Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR4, Mortgage Pass-Through Certificates, Series 2006-FR4, shall have up to and including April 6, 2022 to answer or otherwise respond to Plaintiff's Complaint.

Respectfully submitted,

Respectfully submitted,

PHH MORTGAGE CORPORATION F/K/A
OCWEN LOAN SERVICING, LLC;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR THE
POOLING AND SERVICING AGREEMENT
DATED AS OF NOVEMBER 1, 2006
SECURITIZED ASSET BACKED
RECEIVABLES LLC TRUST 2006-FR4,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FR4

SAMIR REDA on behalf of himself and all
others so similarly situated

By His Attorney:

By: Their Attorneys

/s/ Todd S. Dion (w/permission)
Todd S. Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169
Cell: 401-965-4131
Fax: 401-270-2202
toddsdion@msn.com

/s/ Maura K. McKelvey
Maura K. McKelvey, BBO #600760
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
Tel: 617-213-7000/Fax: 617-213-7001
mmckelvey@hinshawlaw.com

Dated:    March 9, 2022

## CERTIFICATE OF SERVICE

I, Maura K. McKelvey, hereby certify that on this 9th day of March 2022, I served a true
and accurate copy of the foregoing document to counsel of record by US Mail as follows:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169

/s/ Maura K. McKelvey
Maura K. McKelvey

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.    _MDiane Gibbons_
Deputy Assistant Clerk
3/24/2022

2

1046587\310255571.v1

COMMONWEALTH OF MASSACHUSETTS

NORFOLK COUNTY, SS:                          SUPERIOR COURT DEPARTMENT
                                             OF THE TRIAL COURT
                                             CIVIL ACTION NO. 2282CV00092

---

SAMIR REDA, on behalf of himself and all others
so similarly situated,

        Plaintiff,

v.

PHH MORTGAGE CORPORATION F/K/A
OCWEN LOAN SERVICING, LLC; DEUTSCHE
BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR THE POOLING AND
SERVICING AGREEMENT DATED AS OF
NOVEMBER 1, 2006 SECURITIZED ASSET
BACKED RECEIVABLES LLC TRUST 2006-FR4,
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2006-FR4,

        Defendants.

---

## NOTICE OF FILING NOTICE OF REMOVAL

Civil Clerk's Office
Norfolk Superior Court                    Todd S. Dion, Esq.
650 High Street                           15 Cottage Avenue, Suite 202
Dedham, MA 02026                          Quincy, MA 02169


Pursuant to 28 U.S.C. § 1446, Defendants, PHH Mortgage Corporation f/k/a Ocwen Loan

Servicing, and Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing

Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-

FR4, Mortgage Pass-Through Certificates, Series 2006-FR4, hereby provide notice that on March

23, 2022, Defendants filed a Notice of Removal of this action from the Superior Court of the

Commonwealth of Massachusetts, to the United States District Court for the District of

Massachusetts. The Notice of Removal is attached hereto as **Exhibit A**.

Respectfully submitted,

PHH MORTGAGE CORPORATION F/K/A
OCWEN LOAN SERVICING, LLC;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR THE
POOLING AND SERVICING AGREEMENT
DATED AS OF NOVEMBER 1, 2006
SECURITIZED ASSET BACKED
RECEIVABLES LLC TRUST 2006-FR4,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FR4

By: Their Attorneys

/s/ Kevin W. Manganaro
Maura K. McKelvey, BBO #600760
Kevin W. Manganaro, BBO #690082
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001
kmckelvey@hinshawlaw.com
kmanganaro@hinshawlaw.com

Dated:    March 24, 2022

## CERTIFICATE OF SERVICE

I, Kevin W. Manganaro, hereby certify that on this 24th day of March 2022, I served a true
and accurate copy of the foregoing document to counsel of record by ECF as follows:

Todd S. Dion, Esq.
15 Cottage Avenue, Suite 202
Quincy, MA 02169
toddsdion@msn.com

/s/ Kevin W. Manganaro
Kevin W. Manganaro

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Deputy Assistant Clerk

3/24/2022

2

1046587\310345614.v1

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMIR REDA, on behalf of himself and all others so similarly situated, <br><br>        Plaintiff, <br><br> v. <br><br> PHH MORTGAGE CORPORATION F/K/A OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR THE POOLING AND SERVICING AGREEMENT DATED AS OF NOVEMBER 1, 2006 SECURITIZED ASSET BACKED RECEIVABLES LLC TRUST 2006-FR4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR4, <br><br>        Defendants. | CIVIL ACTION NO.  1:22-cv-10444 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, PHH Mortgage Corporation f/k/a/ Ocwen Loan Servicing, LLC ("PHH") and Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR4 Mortgage Pass-Through Certificates, Series 2006-FR4 ("Deutsche Bank as Trustee"), hereby remove the above-captioned action to this Court based on the following supported grounds:

### I.   PROCEDURAL BACKGROUND AND NATURE OF ACTION

1.      On or about January 31, 2022, Plaintiff, Samir Reda, on behalf of himself and all others so similarly situated ("Reda"), filed a complaint in Norfolk Superior Court, naming PHH and Deutsche Bank as Trustee as defendants. This action was captioned as *Reda, Samir vs. PHH Mortgage Corporation Formerly Known As Ocwen Loan Servicing LLC et al*, Docket No.

2282CV00092. (A true and accurate copy of the Complaint in this action is attached hereto as **Exhibit A**.)

2.    Service of the Complaint was completed on Deutsche Bank as Trustee on February 22, 2022.

3.    Service of the Complaint was completed on PHH on February 24, 2022.

4.    The Complaint arises from the Plaintiff's mortgage encumbering real property located in Quincy, Massachusetts.

5.    In the Complaint, the Plaintiff alleges wrongful foreclosure and a violation of the statutory Power of Sale (Count I), and that the Defendants failed to exercise good faith and reasonable diligence in conducting a foreclosure sale of the subject property (Count II).

## II.    THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

6.    The United States Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00 *See* 28 U.S.C. § 1332.

7.    First, there is complete diversity of citizenship under 28 U.S.C. § 1332(a). The Plaintiff is a citizen of Massachusetts. (Compl., ¶ 14.)

8.    Defendant PHH is a corporation organized under the laws of the state of New Jersey, with its principal place of business in New Jersey. Therefore, under 28 U.S.C. § 1332 (c)(1), PHH is a citizen of New Jersey for diversity purposes.

9.    Defendant Deutsche Bank as Trustee is a national banking association with its main office as designated in its Articles of Association in Los Angeles, California. Therefore. Deutsche Bank as Trustee is a citizen of California for diversity purposes. *See Wachovia Bank v. Schmidt,*

2

546 U.S. 303, 318 (2006) (stating that a national bank is a citizen of the State designated in its articles of association as its main office).

10.     Accordingly, the Plaintiff and each Defendant are citizens of different states. Therefore, complete diversity of citizenship exists and the requirements set forth in 28 U.S.C. § 1332(a)(1) are satisfied in the present case.

11.     Second, the amount in controversy exceeds $75,000.00. The Civil Action Cover Sheet completed by the Plaintiff in this matter states that the Plaintiff is seeking $500,000.00 in damages. (A true and accurate copy of the Civil Action Coversheet is attached hereto as **Exhibit B**.)

12.     Further, in cases where a plaintiff seeks to enjoin foreclosure, or challenge the mortgagees right to foreclose or the validity of a foreclosure, the face value of the mortgage at issue constitutes a proper basis for the amount in controversy. *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211-12 (1st Cir. 2012) (considering, among other potential tests, the loan amount as amount in controversy in cases where complaint seeks to invalidate a loan secured by a mortgage); *McLarnon v. Deutsche Bank National Trust Company*, C.A. 15-11799-FDS, 2015 WL 4207127, 2015 U.S. Dist. LEXIS 89840, at *8 (D. Mass. July 10, 2015) (holding that amount in controversy can be determined by the face value of the loan in question); *Larace v. Wells Fargo Bank, N.A.*, 972 F. Supp. 2d. 147, 151 (D. Mass. 2013) ("[I]t is reasonable to designate the amount in controversy as the value of the mortgage, since Plaintiffs' petition does not specify a damage amount and Defendants' mortgage interest would be extinguished if Plaintiffs were ultimately successful."). Here, as the Plaintiff alleges in the Complaint, the original principal amount of the mortgage at issue was $260,000.00. (*See* Compl., ¶ 22.)

3

13.    Based on the foregoing, this Court has jurisdiction over this action based on diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III.    THE DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

14.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1), as fewer than 30 days have elapsed since the Defendants were served with process. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) ("one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend").

15.    Additionally, venue properly lies in the District of Massachusetts because the Plaintiff's claims arise out of a mortgage encumbering property located in Quincy, Massachusetts, and the Plaintiff commenced this action initially in the Massachusetts Superior Court (Norfolk County).

16.    Within 28 days of filing this Notice of Removal, the Defendants shall file with this Court certified copies of the docket sheet and all documents filed in the state court action, pursuant to L.R. 81.1(a).

17.    The Defendants reserve the right to amend or supplement this Notice of Removal and reserve all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, this action should be removed to the United States District Court for the District of Massachusetts.

4

PHH MORTGAGE CORPORATION F/K/A
OCWEN LOAN SERVICING, LLC;
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR THE
POOLING AND SERVICING AGREEMENT
DATED AS OF NOVEMBER 1, 2006
SECURITIZED ASSET BACKED
RECEIVABLES LLC TRUST 2006-FR4,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FR4
By: Their Attorneys

*/s/ Kevin W. Manganaro*
Maura K. McKelvey, BBO #600760
Kevin W. Manganaro, BBO #690082
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
617-213-7001  (facsimile)
mmckelvey@hinshawlaw.com
kmanganaro@hinshawlaw.com

Dated:   March 24, 2022

## CERTIFICATE OF SERVICE

I, Kevin W. Manganaro, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kevin W. Manganaro*
Kevin W. Manganaro

1046587\310345954.v1

# EXHIBIT A

A9142\306039986.v1

RECEIVED   1/31/2022   Case 1:22-cv-10444   Document 1-1   Filed 03/24/22   Page 2 of 24   1.0

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

**NORFOLK, ss**

|  |  |
|---|---|
| SAMIR REDA On behalf of himself and all others so similarly situated, ) ) ) | C.A. NO.   2282cv0092 |
| *Plaintiff,* ) ) ) | |
| vs. ) ) | CLASS ACTION COMPLAINT |
| PHH MORTGAGE CORPORATION ) FKA OCWEN LOAN SERVICING LLC; ) DEUTSCHE BANK NATIONAL TRUST ) COMPANY, AS TRUSTEE FOR THE POOLING ) AND SERVICING AGREEMENT DATED AS OF ) NOVEMBER 1, 2006 SECURITIZED ASSET ) BACKED RECEIVABLES LLC TRUST 2006- ) FR4 MORTGAGE PASS-THROUGH ) CERTIFICATES, SERIES 2006-FR4 ) ) | JURY TRIAL DEMANDED |
| *Defendants.* ) ) | |

## INTRODUCTION

1.      The Representative Plaintiff, Samir Reda, on behalf of himself and all others so similarly situated, brings this action as described in the paragraphs set forth herein, bring this action for wrongful foreclosures as described in the paragraphs set forth herein. This class action complaint alleges that Defendants, PHH Mortgage Corporation fka Ocwen Loan Servicing LLC("PHH Mortgage") and/or Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR4 Mortgage Pass-Through Certificates, Series 2006-FR4("Deutsche Bank"), failed to strictly comply with the Acceleration/Default Notice terms of those certain mortgages noted herein, and breached of the terms of those certain mortgages noted herein, given by Class Plaintiffs

as secured by their real properties and in the case of the representative Plaintiff, secured by real property located at 568 Sea Street, Quincy, MA as well as the real properties of those Plaintiffs in the class.  Strict compliance with the Acceleration/Default Notice terms of said mortgages are condition precedents to the Statutory Power of Sales found in the Plaintiffs' mortgages and the Defendants' failure to strictly comply with these terms of the Plaintiffs' mortgages resulted in foreclosure sales that were not authorized by M.G.L. c. 183 § 21, resulting in injuries and damages to the Plaintiffs for the fair market values of their properties as well as the loss of property, use and occupancy values, moving costs, rents, costs and expenses to live elsewhere as a result of the Defendants' unauthorized foreclosures.  (See Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 289-290 (1st Cir. 2013).

2.      The Defendants failed to strictly comply with the mortgage contracts resulting in unauthorized foreclosures in violation of M.G.L. c. 183 § 21 by sending purported default notices that failed to strictly comply with Paragraph 22 of the mortgage contracts.  (See Pinti v. Emigrant Mortgage Company, Inc., 472 Mass. 226, 235 (2015).  Representative Plaintiffs, on behalf of themselves and all those similarly situated, allege that all default/right to cure notices described in this Class Action Complaint that were sent by Defendant SPS on behalf on mortgagees presently known and unknown are invalid and resulted in invalid and void foreclosures for violating M.G.L. c. 183 § 21.  Defendants' failure to strictly comply with Paragraph 22 of the mortgages resulted in damages to the Plaintiffs caused by the invalid and unauthorized foreclosures.

3.      The Representative Plaintiffs, on behalf of themselves and all others so similarly situated, pray that this Honorable Court find that the Defendants failed to strictly comply with the condition precedents of Paragraph 22 of the Plaintiffs' Mortgages, resulting in damages caused by the wrongful and unauthorized foreclosures in violation of M.G.L. c. 183 § 21.  Class Plaintiffs seek

2

actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, caused by the Defendants' wrongful foreclosures, and all other relief provided by law for Defendants' wrongful acts.

4.     Additionally, Representative Plaintiffs, on behalf of themselves and all others so similarly situated, bring claims for violation of the Defendants' duties of good faith and reasonable diligence for selling the properties at foreclosure auctions without making reasonable efforts to ascertain the fair market values of the properties prior to foreclosure. Such violations of the Defendants' duties of good faith and reasonable diligence caused the Class Plaintiffs damages for losses of equity and fair proceeds for the sales of their properties because the properties sold at significantly lower fractions of the tax assessed and fair market values of the properties.

<div align="center">

**JURISDICTION AND VENUE**

</div>

5.     This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff resides at said subject property.

6.     Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

7.     Pursuant to Mass. R. Civ. P. Rule 23(a)(1), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable.

8.     Pursuant to Mass. R. Civ. P. Rule 23(b)(1), there are questions of law and fact common to the class.

9.     Pursuant to Mass. R. Civ. P. Rule 23(a)(3), the claims or defenses of the Representative Plaintiff are typical of the claims or defenses of the class.

10.    Pursuant to Mass. R. Civ. P. Rule 23(a)(4), the Representative Plaintiff will fairly and adequately protect the interests of the class.

11.    Pursuant to Mass. R. Civ. P. Rule 23(b), prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; and (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications and may substantially impair or impede their ability to protect their interests.

12.    Pursuant to Mass. R. Civ. P. Rule 23(b), the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

13.    Pursuant to Mass. R. Civ. P. Rule 23(b), the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## **PARTIES**

14.    Representative Plaintiff Samir Reda is a citizen of Massachusetts and the owner of the subject property located at 568 Sea Street, Quincy, MA 02169.

15.    Defendant, PHH Mortgage Corporation (fka Ocwen Loan Servicing LLC), is a residential mortgage servicing company, located at 1 Mortgage Way, Mount Laurel, NJ 08054.    Class Plaintiffs hereby challenge the validity all erroneous and potentially deceptive and misleading default/ right to cure notices sent by PHH Mortgage as described in this Complaint and all resulting foreclosures initiated and conducted subsequent to such notices

4

16.     Defendant, Deutsche Bank National Trust Company, as trustee for the Pooling and Servicing Agreement Dated as of November 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-FR4 Mortgage Pass-Through Certificates, Series 2006-FR4 ("Deutsche Bank"), is a purported trustee of a securitized mortgage-backed trust.  Deutsche Bank is located at 1761 East St. Andrews Place, 2nd Floor, Santa Ana 92705.

17.     At all times herein mentioned, Defendants, PHH Mortgage and Deutsche Bank both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

18.     Defendants, PHH Mortgage and Deutsche Bank had actual and/or constructive knowledge of the acts of the other as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

**ALLEGATIONS OF THE REPRESENTATIVE PLAINTIFF**

19.     Representative Plaintiff, Samir Reda, resides at and claims to be the owner of real property located 568 Sea Street, Quincy, MA, which is the subject property as referenced herein.

20.     Representative Plaintiff Reda brings this action on behalf of himself and all others so similarly situated.

21.     On September 30, 2005, the subject property was granted to Representative Plaintiff Reda. The Deed evidencing transfer of the ownership of the subject property was recorded in the Norfolk Registry of Deeds in Book 22959 at Page 527 on September 30, 2005.

22.     On May 16, 2006, Representative Plaintiff Reda granted a Mortgage, secured by the subject property, in the amount of $260,000.00, which was recorded in the Norfolk Registry of Deeds in Book 23699 at Page 205 on May 24, 2006. (the Reda Mortgage) The Mortgage identified Fremont

Investment and Loan as the Lender and Mortgage Electronic Registration Systems ("MERS") as

mortgagee.

23.    The Reda Mortgage states at paragraph 22 as follows;

"22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."

24.    Paragraph 22 of the Reda Mortgage required that prior to acceleration and foreclosure the

Defendants were required to send Representative Plaintiff Reda a Default Notice which informed

Representative Plaintiff Reda that he had a "right to reinstate after acceleration".  The "right to

reinstate after acceleration" contained in the Reda Mortgage is described in Paragraph 19 of the

Mortgage as follows:

"19. Borrower's Right to Reinstate After Acceleration.  If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security

Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument.  Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*.  However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

25.    On October 8, 2010, MERS assigned the Reda Mortgage to Defendant, Deutsche Bank as

Trustee.  Said assignment was recorded in the Norfolk Registry of Deeds in Book 28157 at Page

569 on October 19, 2010.

26.    On or about August 24, 2018 Defendant, PHH Mortgage fka Ocwen, allegedly sent to

Representative Plaintiff Reda a form default/ right to cure letter which stated "after 11/29/2018"

(the right to cure date/ acceleration date), "you can still avoid foreclosure by paying the total past

due amount before a foreclosure sale takes place . . . to avoid foreclosure".  This language

effectively extended the Plaintiffs' right to reinstate after acceleration to "anytime" before the

foreclosure.  See Thompson v. JP Morgan Chase Bank, NA., __ Mass. __ (2020).

27.    Contrary to the Representative Plaintiff's unequivocal right to reinstate that was extended

to "anytime" before the foreclosure, the default/right to cure notice states on page 3 that "If your

payment is not accepted or your payment is for less than the total amount due (which we may

accept without waiving any of our rights), this matter will not be resolved". Since the "total amount due" when the mortgage is accelerated is the accelerated amount, this language is contrary to, waters down and infringes upon the Plaintiffs unequivocal right to reinstate the mortgage by paying less the accelerated amount "anytime" before the foreclosure.

28.    The above statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place". See Fed. Nat'l Mortg. Ass'n v. Marroquin, 74 N.E.3d 592 (Mass. 2017). Such ambiguous and unnecessary language gives the Defendants the power to delay acceptance of or reject the Plaintiffs tender of payment pursuant to their unequivocal right to reinstate under Paragraphs 19 and 22 of the Mortgage. Such language further serves to allow the Defendants to reject payment or continue to proceed enforcing their rights of acceleration and foreclosure if the Plaintiffs tender payment that is less than the whole accelerated balance in breach of the Plaintiffs unequivocal right to reinstate and to "avoid foreclosure by paying the total past due".

29.    Representative Plaintiff alleges that the purported Default/ Right to Cure Letters sent by PHH Mortgage failed to fully and "properly" describe the Plaintiffs' "right to reinstate after acceleration" as required by and detailed in Paragraphs 19 and 22 of the Mortgages. Furthermore, the form notices statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved" is additional and unnecessary language in the notice that is not in strict compliance with the Class Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying

8

the total past due amount before a foreclosure sale takes place".  Therefore, the Defendants' notice is in breach of the strict compliance standard of the mortgage and a violation of the Statutory Power of Sale pursuant to M.G.L. ch. 244 §21 for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage as a condition precedent to foreclosure.

30.    Representative Plaintiff alleges that the notices sent purporting to state compliance with paragraph 22 of the Reda Mortgage and the notices sent to the Class Plaintiffs failed to contain the required information as described in said paragraph 22 of the Class Plaintiffs' mortgages, contained a statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved" which is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

31.    As such, the Defendants failed to provide the Representative Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

32.    In addition to the Defendants' failure to strictly comply with Paragraph 22 of the Mortgage Defendants failed to send and the Plaintiffs failed to receive a Notice of Acceleration pursuant to the terms of the Note which is a condition precedent to foreclosure.

33.    As such, the Defendants failed to provide the Representative Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to

9

first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

34.    On February 26, 2020 the Defendants sent Representative Plaintiff a Notice of Intention to Foreclose without first strictly complying with Paragraph 22 of the Mortgage as described above. Defendants intend to conduct a void foreclosure sale on March 12, 2020.

35.    Representative Plaintiff alleges that the notice sent purporting to state compliance with paragraph 22 of the Reda Mortgage failed to contain the required information as described in said paragraph 22, contained a misleading, inaccurate and potentially deceptive statement.

36.    As such, the Defendants failed to provide the Representative Plaintiff proper Notice of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

37.    On March 12, 2020 the Defendants conducted a void foreclosure auction of the Plaintiff's property.

38.    On April 29, 2020, the Defendants recorded a void foreclosure deed dated April 16, 2020 in Book 37820 at Page 450 of the Norfolk Registry of Deeds purporting to grant the property to Deutsche Bank.  The foreclosure deed is void.

39.    PHH and Deutsche Bank accomplished the above-mentioned deceptive acts by selling Mr. Reda's Property to themselves at auction on March 12, 2020, for significantly less than the fair market value ($266,716.27), a mere 2 days after Governor Charlie Baker issued a State of Emergency Order on March 10, 2020 due to the Covid 19 pandemic that has resulted in the death of over 11 thousand Massachusetts residents since that time.

40.      Mr. Reda avers that the act of conducting a foreclosure auction on his home 2 days after
Governor Baker declared a State of Emergency in Massachusetts and 1 day after the World Health
Organization characterized the COVID-19 outbreak as a pandemic, was intentionally conducted
and with knowledge that the general public's fear of the pandemic and uncertainty regarding the
safety of human interaction would discourage bidders from attending the auction and obtain a fair
price for the property.

41.      PHH and Deutsche Bank then in turn waited until after the State of Emergency was
terminated on June 15, 2021 and realized an ill-gained profit of $114,783.73 when they sold the
property to a company called "Flips Unlimited LLC" for $381,500.00 on July 27, 2021.  The
Quitclaim Deed to Flips Unlimited LL was recorded in the Norfolk County Registry of Deeds
Book 39793 at page 388 on August 30, 2021.  This sale constituted a violation of PHH and
Deutsche Bank's duty to Mr. Reda to act in good faith and with reasonable diligence to obtain the
highest possible price for the property.

42.      On March 12, 2020, according to the Foreclosure Deed and sworn affidavit recorded with
the Foreclosure Deed at the Norfolk County Registry of Deeds Book 37820 at Page 450, PHH and
Deutsche Bank sold the Property to itself, Deutsche Bank, for $266,716.27 despite a 2020 tax
assessment of $308,400.00 and a 2021 tax assessment of $334,900.00.

43.      16 months after a State of Emergency was declared and 2 months after said State of
Emergency was terminated PHH and Deutsche Bank finalized a sale of the property to a self-
proclaimed property "flipper" called "Flips Unlimited LLC" at a price of $381,500.00 at a profit
of $114,783.73.  Mr. Reda avers that the profit amount of $114,783.73 represents the amount he
would have been entitled to if PHH and Deutsche Bank has waited until after the State of
Emergency was terminated to foreclose on his property

11

44.    Representative Plaintiffs allege that the notices sent purporting to state compliance with Paragraph 22 of the Reda Mortgage and the notices sent to the Class Plaintiffs failed to strictly comply with paragraph 22 of the mortgages.

45.    As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale unauthorized, illegal and resulting in damages to the Reda Plaintiff.  (See Pinti v. Emigrant Mortgage Company, Inc., 473 Mass. 226, 239 *4 (2015) ["The defendants' assertion that the plaintiffs in this case were not prejudiced by any failure to comply with the provisions of paragraph 22 misses the point.  Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor. See Foster, Hall & Adams Co., 213 Mass. At 323  ("The fact, if it was a fact, that the written notice which by the terms of the power of sale had to be given, would not have served any useful purpose is not an answer to the objection that the power of sale was not duly complied with"). Cf. Ibanez, 458 Mass. At 655 (Cordy, J., concurring) (lack of "actual unfairness" to mortgagors resulting from foreclosing banks' failure to establish status as assignee of mortgages "is not the point," because "foreclosure is a powerful act with significant consequences, and Massachusetts law has always required that it proceed strictly in accord with the statutes that govern it")]

46.    Prior to the foreclosure, Defendants failed to ascertain the fair market value of the property and failed to take any consideration of the tax assessed and fair market value of the Reda property in opening the bids at the foreclosure sale and advertising the sale beyond the mere statutory publication requirements.

47.    If Defendants adhered to their duty of good faith and reasonable diligence in ascertaining the fair market value of the property prior to the foreclosure sale and taking such value into account during the foreclosure sale the property would have sold at a higher price that more closely reflected the fair market value of the property.  As a consequence of Defendants failure to adhere to their duty of good faith and reasonable diligence the Reda Plaintiff suffered damages and was injured in the amount of the difference between the fair market value of the property and the price sold at the foreclosure sale.

## CLASS ALLEGATIONS

48.    The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

49.    The Representative Plaintiff brings this Action on behalf of himself and all others so similarly situated.

50.    The Representative Plaintiff sues on behalf of himself and all homeowners or former homeowners who were sent default/ right to cure letters by PHH Mortgage which state that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved".  This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, overshadow, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

51.    The Representative Plaintiff, on behalf of themselves and all others so similarly situated, pray that this Honorable Court find that the Defendants failed to strictly comply with Paragraph 22 of the subject mortgages as condition precedents of the mortgages and further find said default

13

notices and the subsequent foreclosures resulted in unauthorized and illegal foreclosures that damaged the Class Plaintiffs.  (See Pinti v. Emigrant Mortgage Company, Inc., 473 Mass. 226, 239 *4 (2015) ["The defendants' assertion that the plaintiffs in this case were not prejudiced by any failure to comply with the provisions of paragraph 22 misses the point.  Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor. See Foster, Hall & Adams Co., 213 Mass. At 323  )"The fact, if it was a fact, that the written notice which by the terms of the power of sale had to be given, would not have served any useful purpose is not an answer to the objection that the power of sale was not duly complied with"). Cf. Ibanez, 458 Mass. At 655 (Cordy, J., concurring) (lack of "actual unfairness" to mortgagors resulting from foreclosing banks' failure to establish status as assignee of mortgages "is not the point," because "foreclosure is a powerful act with significant consequences, and Massachusetts law has always required that it proceed strictly in accord with the statutes that govern it")]

52.    The unauthorized and wrongful foreclosure sales and deeds resulted in damages to the Class Plaintiff for the value of the loss of her property, the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere.

53.    Class Plaintiffs also bring claims for violation of the Defendants' duties of good faith and reasonable diligence for selling the properties at foreclosure auctions without making reasonable efforts to ascertain the fair market values of the properties prior to foreclosure.  Such violations of the Defendants' duties of good faith and reasonable diligence caused the Class Plaintiffs damages for losses of equity and fair proceeds for the sales of their properties because the properties sold at significantly lower fractions of the tax assessed and fair market values of the properties.

54.     Class Plaintiffs seek actual, monetary, punitive and exemplary damages, restitution, an accounting, attorney's fees and costs, and all other relief provided by law for Defendants' wrongful acts.

55.     The Representative Plaintiffs and members of the class suffered quantifiable damages such as loss of use and equity in their homes, legal defense of foreclosure and eviction, and moving and relocation expenses.

56.     The Representative Plaintiffs and members of the class have suffered general damages such as loss of property interests, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme mental and emotional distress.

57.     The Representative Plaintiffs and members of the class seek actual, exemplary, punitive, and monetary damages.

58.     On October 18, 2021, Plaintiffs, through their counsel, sent Defendants a Notice of Grievance in accordance with Paragraph 20 of the mortgages.  As of the date of this Complaint none of the Defendants have contacted Plaintiffs' counsel or attempted to correct the errors outlined in this Complaint

## COUNT I

**WRONGFUL FORECLOSURE AND VIOLATION OF MORTGAGE POWER OF SALE**

59.     Representative Plaintiff, on behalf of himself and all others so similarly situated, repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

60.     Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with, The statute states:

Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:

(POWER)

But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale**, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the mortgagor and all persons claiming under him from all right and interest in the mortgaged premises, whether at law or in equity.

(Emphasis added).

61.    As emphasized above, the foreclosure by power of sale requires that a foreclosing bank must "comply [] with the terms of the mortgage..." G.L. c. 183, § 21.

62.    If a bank fails to strictly comply with the power of sale and the terms of the mortgage, then a foreclosure is unauthorized as a condition precedent to the Massachusetts Statutory Power of Sale.

63.    The mortgages given by Class Plaintiffs, secured by the subject properties state at 22 as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument...The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument

16

without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

64.    Paragraph 22 of the Mortgages require that prior to acceleration and foreclosure the

Defendant is required to send the Borrowers a Default Notice which informs the Borrowers that

they have a "right to reinstate after acceleration". The "right to reinstate after acceleration"

contained in the Mortgage are described in Paragraph 19 of the Mortgages as follows;

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured

hereby *shall remain fully effective as if no acceleration had occurred*.  However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

65.    Representative Plaintiff, on behalf of himself and all others so similarly situated, allege that the notices sent purporting to state strict compliance with paragraph 22 of the Mortgages contained an inaccurate and potentially misleading statement that "If your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved".  This statement is additional and unnecessary language in the notice that is not in strict compliance with the Plaintiffs' mortgages because it may serve to water down, overshadow, contradict or nullify the Plaintiffs' unequivocal right to reinstate their mortgages and to "still avoid foreclosure may paying the total past due amount before a foreclosure sale takes place".

66.    As such, there was no compliance with the terms of the mortgage which would have allowed the Defendants to exercise the statutory power of sale as indicated above.

67.    No proper Notices of Default were sent by PHH Mortgage to Class Plaintiffs in accordance with the terms of the mortgage.

68.    As a result, no acceleration letter could be sent to Class Plaintiffs, nor could the mortgagee exercise the statutory power of sale on said mortgages in the Class.

69.    Pursuant to the terms of the Mortgages, compliance with the obligations of the Lender as set forth in paragraphs 19 & 22 of the Mortgages are condition precedents to the accelerations and the exercise of the statutory power of sale.

70.    Class Plaintiffs thus never received an acceleration notice or Notice of Default pursuant to the terms of the Mortgages.

71.     Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Mortgages and sell the subject properties at mortgagee's foreclosure sale. These actions constituted a breach of the terms of the mortgage contract in accordance with c. 183, § 21, resulting in damages to the Class Plaintiff. As such, the Defendants failed to provide the Representative Plaintiffs and members of the class proper Notices of Default in breach of the Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale unauthorized, illegal and resulting in damages to the Class Plaintiffs. (See Pinti v. Emigrant Mortgage Company, Inc., 473 Mass. 226, 239 *4 (2015) ["The defendants' assertion that the plaintiffs in this case were not prejudiced by any failure to comply with the provisions of paragraph 22 misses the point. Paragraph 22 demands strict compliance, regardless of the existence, or not, of prejudice to a particular mortgagor. See Foster, Hall & Adams Co., 213 Mass. At 323 ("The fact, if it was a fact, that the written notice which by the terms of the power of sale had to be given, would not have served any useful purpose is not an answer to the objection that the power of sale was not duly complied with"). Cf. Ibanez, 458 Mass. At 655 (Cordy, J., concurring) (lack of "actual unfairness" to mortgagors resulting from foreclosing banks' failure to establish status as assignee of mortgages "is not the point," because "foreclosure is a powerful act with significant consequences, and Massachusetts law has always required that it proceed strictly in accord with the statutes that govern it")].

The unauthorized and wrongful foreclosure sales and deeds resulted in and the Class Plaintiffs are entitled to damages to the Class Plaintiffs for the value of the loss of her property, the use and occupancy value of the property, moving costs, rents, costs and expenses to live elsewhere. See

Galiastro v. Mortgage Electronic Registration Systems, Inc., 467 Mass. 160, 164 (2014); Butler v.

Deutsche Bank Trust Co, et. al., 1:12-cv-10337-DPW (D.Mass. August 14, 2012)

72.     The Class Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful

foreclosure, together with additional damages.

73.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages,

restitution, an accounting, attorneys' fees and costs, and all other relief as provided by state law.

74.     The Defendants' failure to strictly comply with the terms of the mortgage is in violation of

G. L. c. 183, § 21 resulting in damages for the fair market values of their properties. U.S. Bank

Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, §

21, must be strictly adhered to"); Pinti v. Emigrant Mortgage Company, Inc., 473 Mass. 226, 239

*4 (2015) (failure to strictly comply with paragraph 22 renders foreclosure unauthorized and

invalid under G.L. c. 183, § 21);  See also Alpino v. JP Morgan Chase Bank, N.A., 1:10-12040-

PBS, 2011 WL 1564114, at *7 (D. Mass. April 21, 2011);  Rogers v. Barnes, 47 N.E. 289, 290

(Mass. 1935) (wrongful foreclosure action may be brought for damages for value of property in

lieu of rescission).

75.     The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages,

restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided

by state law.

76.     As a result of the above noted improper and invalid exercises of the statutory power of sale

and purported foreclosure sales, Class Plaintiffs mortgage loan accounts were charged fees and

costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other

charges which were reflected in their monthly mortgage statements.

77.    The Class Plaintiffs have incurred damages in hiring attorneys, in regard to the improper actions of Defendants in sending Notices of Foreclosure Sale and conducting sales without first complying with the terms of the mortgages in violation of G. L. c. 183, § 21.

78.    Class Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosure of their home without Defendants first complying with the terms of the mortgages.

79.    The Class Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendants' violation of G. L. c. 183, § 21 due to the breaches of contract by Defendants as noted herein.

80.    Class Plaintiffs have suffered harm and are threatened with additional harm from Defendants' breach, including but not limited to losses of their property interest, higher principle balances, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

81.    The Defendants' breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Class Plaintiff' failure to make their mortgage payments.

82.    Therefore, Class Plaintiffs would not have suffered the harms as noted herein were it not for the Defendants' breach of the mortgage contract as noted herein.

83.    The Class Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

<u>COUNT II</u>
GOOD FAITH AND REASONABLE DILIGENCE

84.    The preceding allegations are incorporated by reference.

85.    The Defendants' conducted foreclosure auctions on the Class Plaintiffs' properties in which the Defendants sold the properties at fractions of their tax assessed and fair market values in violation of the Defendants' duty of good faith and reasonable diligence that the Defendants owed to the Class Plaintiffs.  See <u>Property Acquisition Group, LLC v. Ivester</u>, 95 Mass. App. Ct. 170 (2019)

86.    A mortgagee "must act in good faith and must use reasonable diligence to protect the interests of the mortgagor."  <u>Williams v. Resolution GGF OY</u>, 417 Mass. 377, 382-83 (1994) (internal quotations omitted).  This includes "a duty to obtain for the property as large a price as possible."  Id.  The fact of the inadequacy of the sale price may be considered along with any other evidence to support a finding of a lack of reasonable diligence.  <u>Union Mkt. Nat. Bank of Watertown v. Derderian</u>, 318 Mass. 578, 582 (1945).

87.    In foreclosing on Class Plaintiffs properties, Defendants violated their duties of good faith and reasonable diligence by selling the properties for fractions less than the fair market values of the properties at the times of the foreclosure sales.  The Defendants violated these duties to the Class Plaintiffs by making no efforts to ascertain the properties fair market values prior to the auctions and took no actions to advertise, communicate or promote fair market value sales of the properties beyond the foreclosure statutes.

88.    Class Plaintiff were damaged in that the Defendants failure to adhere to their duty of good faith and reasonable diligence caused the Class Plaintiffs injuries for lost title to their residential properties, lost significant equity in their properties as well as loss of fair proceeds for said sales.

89.    Class Plaintiffs are entitled to and respectfully ask this Court for damages in the amount of the differences between the low foreclosure sales prices of their properties and the fair market values of their properties or what the properties would have brought at auction had the Defendants met their duties of good faith and reasonable diligence.  See Property Acquisition Group, LLC v. Ivester, 95 Mass. App. Ct. 170 (2019).

Dated: January 31, 2022

                                        Respectfully Submitted, Plaintiff,
                                        By their Attorney,
                                        Todd S. Dion, Esq.
                                         /s/ Todd S. Dion
                                        Todd S. Dion, Esq. (659109)
                                        15 Cottage Avenue, Ste 202
                                        Quincy, MA 02169
                                        401-965-4131 Cell
                                        401-270-2202 Fax
                                        toddsdion@msn.com

# EXHIBIT B

2.0

RECEIVED 1/31/2022

**CIVIL ACTION COVER SHEET**

DOCKET NUMBER: 2282cv0092

**Trial Court of Massachusetts**
**The Superior Court**

**COUNTY** Norfolk Superior Court (Dedham)

| | |
|---|---|
| **Plaintiff** Samir Reda | **Defendant:** PHH Mortgage Corporation; Deutsche Bank Nat'l Tr. Co. |
| ADDRESS: 568 Sea Street, Quincy, MA 02169 | ADDRESS: 1 Mortgage Way, Mount Laurel, NJ 08054 |
| | 1761 East St. Andrews PL, 2nd Fl., Santa Ana 92705 |
| **Plaintiff Attorney:** Todd S. Dion, Esq | **Defendant Attorney:** |
| ADDRESS: 15 Cottage Avenue, Ste. 202, Quincy, MA 02169 | ADDRESS: 15 Cottage Avenue |
| | Ste 202 |
| BBO: 659109 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| C99 | Wrongful Foreclosure | | ☒ YES ☐ NO |

***If "Other" please describe:**

**Is there a claim under G.L. c. 93A?** ☐ YES ☐ NO

**Is there a class action under Mass. R. Civ. P. 23?** ☐ YES ☐ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

Subtotal (1-5): **$0.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

TOTAL (A-F): **$0.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Wrongful foreclosure, strict compliance with default notice, breach of duty of good faith and reasonable diligence | $500,000.00 |
| | Total | **$500,000.00** |

Signature of Attorney/Unrepresented Plaintiff: X /s/ Todd S Dion Date: January 31, 2022

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my *clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.*

Signature of Attorney/Unrepresented Plaintiff: X /s/ Todd S Dion Date: January 31, 2022

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

AA1 Contract Action involving Commonwealth,
    Municipality, MBTA, etc.     (A)
AB1 Tortious Action involving Commonwealth,
    Municipality, MBTA, etc.     (A)
AC1 Real Property Action involving
    Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
    Municipality, MBTA, etc.     (A)
AE1 Administrative Action involving
    Commonwealth, Municipality, MBTA,etc. (A)

**CN Contract/Business Cases**

A01 Services, Labor, and Materials     (F)
A02 Goods Sold and Delivered     (F)
A03 Commercial Paper     (F)
A04 Employment Contract     (F)
A05 Consumer Revolving Credit - M.R.C.P. 8.1 (F)
A06 Insurance Contract     (F)
A08 Sale or Lease of Real Estate     (F)
A12 Construction Dispute     (A)
A14 Interpleader     (F)
BA1 Governance, Conduct, Internal
    Affairs of Entities     (A)
BA3 Liability of Shareholders, Directors,
    Officers, Partners, etc.     (A)
BB1 Shareholder Derivative     (A)
BB2 Securities Transactions     (A)
BC1 Mergers, Consolidations, Sales of
    Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property     (A)
BD2 Proprietary Information or Trade
    Secrets     (A)
BG1 Financial Institutions/Funds     (A)
BH1 Violation of Antitrust or Trade
    Regulation Laws     (A)
A99 Other Contract/Business Action - Specify (F)

*** Choose this case type if ANY party is the
Commonwealth, a municipality, the MBTA, or any
other governmental entity UNLESS your case is a
case type listed under Administrative Civil Actions
(AA).**

**† Choose this case type if ANY party is an
incarcerated party, UNLESS your case is a case
type listed under Administrative Civil Actions (AA)
or is a Prisoner Habeas Corpus case (E97).**

**ER Equitable Remedies**

D01 Specific Performance of a Contract   (A)
D02 Reach and Apply     (F)
D03 Injunction     (F)
D04 Reform/ Cancel Instrument     (F)
D05 Equitable Replevin     (F)
D06 Contribution or Indemnification   (F)
D07 Imposition of a Trust     (A)
D08 Minority Shareholder's Suit     (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting     (A)
D11 Enforcement of Restrictive Covenant  (F)
D12 Dissolution of a Partnership     (F)
D13 Declaratory Judgment, G.L. c. 231A  (A)
D14 Dissolution of a Corporation     (F)
D99 Other Equity Action     (F)

**PA Civil Actions Involving Incarcerated Party †**

PA1 Contract Action involving an
    Incarcerated Party     (A)
PB1 Tortious Action involving an
    Incarcerated Party     (A)
PC1 Real Property Action involving an
    Incarcerated Party     (F)
PD1 Equity Action involving an
    Incarcerated Party     (F)
PE1 Administrative Action involving an
    Incarcerated Party     (F)

**TR Torts**

B03 Motor Vehicle Negligence - Personal
    Injury/Property Damage     (F)
B04 Other Negligence - Personal
    Injury/Property  Damage     (F)
B05 Products Liability     (A)
B06 Malpractice - Medical     (A)
B07 Malpractice - Other     (A)
B08 Wrongful Death - Non-medical   (A)
B15 Defamation     (A)
B19 Asbestos     (A)
B20 Personal Injury - Slip & Fall     (F)
B21 Environmental     (F)
B22 Employment Discrimination     (F)
BE1 Fraud, Business Torts, etc.     (A)
B99 Other Tortious Action     (F)

**RP Summary Process (Real Property)**

S01 Summary Process - Residential     (X)
S02 Summary Process - Commercial/
    Non-residential     (F)

**RP Real Property**

C01 Land Taking     (F)
C02 Zoning Appeal, G.L. c. 40A     (F)
C03 Dispute Concerning Title     (F)
C04 Foreclosure of a Mortgage     (X)
C05 Condominium Lien & Charges   (X)
C99 Other Real Property Action     (F)

**MC Miscellaneous Civil Actions**

E18 Foreign Discovery Proceeding     (X)
E97 Prisoner Habeas Corpus     (X)
E22 Lottery Assignment, G.L. c. 10, § 28  (X)

**AB Abuse/Harassment Prevention**

E15 Abuse Prevention Petition, G.L. c. 209A  (X)
E21 Protection from Harassment, G.L. c. 258E(X)

**AA Administrative Civil Actions**

E02 Appeal from Administrative Agency,
    G.L. c. 30A     (X)
E03 Certiorari Action, G.L. c. 249, § 4   (X)
E05 Confirmation of Arbitration Awards  (X)
E06 Mass Antitrust Act, G.L. c. 93, § 9  (X)
E07 Mass Antitrust Act, G.L. c. 93, § 8  (X)
E08 Appointment of a Receiver     (X)
E09 Construction Surety Bond, G.L. c. 149,
    §§ 29, 29A     (X)
E10 Summary Process Appeal     (X)
E11 Worker's Compensation     (X)
E16 Auto Surcharge Appeal     (X)
E17 Civil Rights Act, G.L. c. 12, § 11H  (A)
E24 Appeal from District Court
    Commitment, G.L. c.123, § 9(b)   (X)
E25 Pleural Registry (Asbestos cases)
E94 Forfeiture, G.L. c. 265, § 56     (X)
E95 Forfeiture, G.L. c. 94C, § 47     (F)
E99 Other Administrative Action     (X)
Z01 Medical Malpractice - Tribunal only,
    G.L. c. 231, § 60B     (F)
Z02 Appeal Bond Denial     (X)

**SO Sex Offender Review**

E12 SDP Commitment, G.L. c. 123A, § 12  (X)
E14 SDP Petition, G.L. c. 123A, § 9(b)   (X)

**RC Restricted Civil Actions**

E19 Sex Offender Registry, G.L. c. 6, § 178M (X)
E27 Minor Seeking Consent, G.L. c.112, § 12S(X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| | | | ☒ YES     ☐ NO |
| B03 | Motor Vehicle Negligence-Personal Injury | F | |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

### A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Samir Reda, on behalf of himself and all others so
~~similarly situated~~ +

## DEFENDANTS

PHH Mortgage Corporation fka Ocwen Loan Servicing LLC

**(b)** County of Residence of First Listed Plaintiff    Norfolk County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Burlington Co. NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Todd S. Dion, Esq., 15 Cottage Ave., Ste. 202, Quincy, MA 02169
Tel: 401-965-4131

Attorneys *(If Known)*
Kevin P. Manganaro, Esq. and Maura K. McKelvey, Esq.,
Hinshaw & Culberston LLP, 53 State St., 27th Fl., Boston,
MA 02109 Tel: 617-213-7000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government<br>Plaintiff | ☐ 3 | Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government<br>Defendant | ☒ 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>   & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>   Student Loans<br>   (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>   of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>   Liability<br>☐ 320 Assault, Libel &<br>   Slander<br>☐ 330 Federal Employers'<br>   Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>   Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>   Product Liability<br>☐ 360 Other Personal<br>   Injury<br>☐ 362 Personal Injury -<br>   Medical Malpractice | ☐ 625 Drug Related Seizure<br>   of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>   28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated<br>   New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>   Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>   3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>   Corrupt Organizations<br>☐ 480 Consumer Credit<br>   (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>   Protection Act |
| **REAL PROPERTY** | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>   Product Liability<br>☐ 367 Health Care/<br>   Pharmaceutical<br>   Personal Injury<br>   Product Liability<br>☐ 368 Asbestos Personal<br>   Injury Product<br>   Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>   Property Damage<br>☐ 385 Property Damage<br>   Product Liability | **LABOR**<br>☐ 710 Fair Labor Standards<br>   Act<br>☐ 720 Labor/Management<br>   Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>   Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>   Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff<br>   or Defendant)<br>☐ 871 IRS—Third Party<br>   26 USC 7609 | ☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>   Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>   Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure<br>   Act/Review or Appeal of<br>   Agency Decision<br>☐ 950 Constitutionality of<br>   State Statutes |
| ☐ 210 Land Condemnation<br>☒ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>   Accommodations<br>☐ 445 Amer. w/Disabilities -<br>   Employment<br>☐ 446 Amer. w/Disabilities -<br>   Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>   Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>   Conditions of<br>   Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>   Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer |
| | | | | | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441, and 1446

Brief description of cause:
Plaintiff alleges wrongful foreclosure and failure to exercise good faith and reasonable diligence in conducting a foreclosure sale.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
March 24, 2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kevin W. Manganaro

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)  Samir Reda v. PHH Mortgage Corporation fka Ocwen
   Loan Servicing LLC, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   [ ]   I.       160, 400, 410, 441, 535, 830*, 835*, 850, 880, 891, 893, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]   II.      110, 130, 190, 196, 370, 375, 376, 440, 442, 443, 445, 446, 448, 470, 751, 820*, 840*, 895, 896, 899.

   [✓]   III.     120, 140, 150, 151, 152, 153, 195, 210, 220, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362,
                  365, 367, 368, 371, 380, 385, 422, 423, 430, 450, 460, 462, 463, 465, 480, 485, 490, 510, 530, 540, 550, 555, 560,
                  625, 690, 710, 720, 740, 790, 791, 861-865, 870, 871, 890, 950.
                  *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                            YES [ ]      NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
   §2403)
                                                            YES [ ]      NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                            YES [ ]      NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                            YES [ ]      NO [✓]

7. Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).
                                                            YES [✓]      NO [ ]

   A.     If yes, in which division do all of the non-governmental parties reside?

          Eastern Division [✓]        Central Division [ ]        Western Division [ ]

   B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
          residing in Massachusetts reside?

          Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)
                                                            YES [ ]      NO [✓]

**(PLEASE TYPE OR PRINT)**
ATTORNEY'S NAME  Kevin W. Manganaro, Esq., Hinshaw & Culbertson LLP
ADDRESS 53 State Street, 27th Floor, Boston, MA 02109
TELEPHONE NO.  617-213-7000

(CategoryForm11-2020.wpd )